# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DRAKE K. LAUER,**
    **Plaintiff,**

v.                   Case No. 08-CV-831

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
    **Defendant.**

## DECISION AND ORDER AWARDING ATTORNEY FEES
## PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412

On November 10, 2009, this court entered its Decision and Order Reversing the Decision of the Commissioner and Remanding Case (Docket No. 17), and judgment was entered accordingly (Docket No. 18.)

On January 22, 2010, plaintiff's counsel filed a Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). In the petition, plaintiff makes application for an award in the amount of $4,656.08, representing 27.97 hours of work. On February 9, 2010, the Commissioner filed his response in opposition to the application. The Commissioner's opposition is based on his contention that the position of Social Security was "substantially justified." Thereafter, on February 19, 2010, the plaintiff replied and now claims that the award sought is in the total amount of $5,089.83, representing 3.5 additional hours of attorney time.

The threshold issue to resolve is whether or not the position of the Commissioner was substantially justified. "Substantially justified" means that the Commissioner's position was "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (citation omitted). Only a single determination is to be made,

which means that both the agency's pre-litigation conduct and litigation position must be evaluated. Comm'r v. Jean, 496 U.S. 154, 160 (1990).

In its decision remanding this matter, the court observed that the case was complicated not only by the fact that the ALJ was asked to determine the claimant's ability to work during a narrow time period roughly five years previously, but also by the fact that there were absolutely no medical records from this time period. Nevertheless, the administrative record disclosed that medical experts did determine that Lauer's current impairments existed prior to the date he was last insured and that Lauer was disabled during the relevant time period. Also, Lauer offered some testimony as to his limitations during the relevant period. For the reasons fully stated in its decision, the court concluded that the ALJ failed to comply with the applicable rules, regulations and statutes in analyzing the claim. Remand was warranted. In particular, on remand, the ALJ was instructed to consider the conclusions of Drs. Peltier and Bratanow and articulate the weight, if any, that should be given to these opinions. The court stated that it might even be necessary to request additional information from these doctors or solicit the opinion of an independent medical expert.

In arguing that its position was substantially justified, the Commissioner concentrates on the fact that the record lacked objective medical evidence from the time period in question and that it would be necessary to "extrapolate" Lauer's prior medical condition from current medical information. To that contention, this court says that is precisely what needed to be done in this case. The fact that medical information from the relevant time period is absent does not mean that Lauer's disability was similarly non-existent. It is possible that the information gap could be filled by use of present medical information, but the ALJ apparently failed to make this inquiry. As pointed out by the plaintiff, the court also cited other errors by the ALJ in regard to assessing credibility.

2

Returning to the issue of whether or not the position of the Commissioner was substantially justified, as noted by the Seventh Circuit recently in United States v. Thouvenot, Wade & Moerschen, Inc., 2010 U.S. App. LEXIS 3322 (7th Cir. February 18, 2010), which was a consolidated decision regarding three cases involving interpretation of the EAJA, "the key statutory term, 'substantially justified,' is neither defined nor self-evident." Id. at 4. The court concluded that somewhere between cases that are frivolous and meritorious lies the area of substantial justification, which means "justified to a degree that could satisfy a reasonable person [and has a] 'reasonable basis both in law and fact.'" Id. at 2 (quoting Underwood, 487 U.S. at 565).

In applying the guidelines established by the Seventh Circuit, the court concludes that the position of the Commissioner was not substantially justified. The approach taken by the Commissioner in this case was neither reasonable in fact nor in law. As such, the plaintiff is entitled to an award of attorney fees under the EAJA.

Although the Commissioner has not commented on the amount being requested, it is still incumbent upon the court to determine that the fees are both reasonable and necessary. First, the court has no issue with the hourly rate claimed, which is appropriate. However, the court does have some concerns regarding the total number of hours expended. The billing records disclose that attorneys Daly, Jones and Blaz devoted time to this case. Attorney Daly is an experienced lawyer in this field and attorneys Jones and Blaz are recent law school graduates. The records further disclose that Jones and Blaz performed the main work, while Daley supervised and reviewed.

As the senior attorney in the firm, it is certainly appropriate for Daley to confer with his less experienced associates in establishing their strategy for prosecuting the case. It is also incumbent upon Daley to review the work of his associates, edit it when necessary, in order to make certain that the product that leaves the office is of the highest quality. The question raised by the court is when does

compensable time between the senior and junior attorneys cross the line to the area of training and supervision of lawyers? Certainly, an opposing party should not be obligated to pay for time devoted to improving the quality of lawyers in an office. A prime illustration of what raises the court's concern can be seen with the plaintiff's reply brief. A total of 3.5 hours is claimed. Specifically, attorney Jones spent 2 hours drafting the reply brief and attorney Daley spent 1.5 hours reviewing and editing the work of his associate. This seems like time devoted to training, which should not be compensable under the EAJA. On the other hand, it could be that the initial efforts of Jones were not complete and Daley simply finished the job.

Notwithstanding these concerns, the court will grant the plaintiff's petition and award attorney fees under the EAJA in the total amount of $5,089.83. The judgment in this case shall be amended accordingly.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2010.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge